Teahan, J.
In this single-count action in tort resulting in judgment for the plaintiff and arising out of a woman’s fall in a parking lot two issues are before us for consideration. Other issues raised in this report are deemed waived for the appellant’s failure to brief them. Dist./Mun. Cts. R. Civ. R, Rule 64(f).
1) ADMISSION OF PHOTOS INTO EVIDENCE
At trial the Court, over objection of the defendant-appellant, admitted six photographs into evidence. Neither request for a report was made upon their admission nor written notice of that claim was filed as required within five days. Rule 64(a). This failure to comply with the strictures of the rule precludes appellate review.
2) DENIAL OF POST-TRIAL MOTION TO ALTER/AMEND FINDINGS
At trial the plaintiff presented a witness who over objection [unpreserved under Rule 64(a)] offered opinion evidence about the length of time oil had been on the parking lot surface. The Court made factual findings accepting the testimony of the witness.
The findings included the following:
The Court must accept the testimony of [the expert witness] as to the probable length of time this oil slick was allowed to build up — as his testimony was unrebutted.
After trial a motion was filed seeking to have the Court amend its findings deleting the findings adopting the expert’s testimony as “inadmissible and insufficient as a matter of law.” After hearing the motion was denied with a handwritten endorsement of the judge as follows:
Denied, after hearing. The Court chose to accept the expert opinion proffered and finds no reason to alter the findings.
We review the issue raised in the post-trial motion limited to the averment at paragraph 5 which addresses the Court’s finding that the opinion testimony, being unrebutted, “must” be accepted.
It is fundamental to the fact-finding function at trial that undisputed testimony *72 need not be believed. Comm. v. McInerney, 373 Mass. 136, 144 (1977). The fact-finder can accept in toto, reject in toto or accept portions of a witness’ testimony while rejecting other portions. In doing so, the fact-finding process requires of necessity the assessment of credibility or believability of the witness. While the availability of contradictory evidence may assist in the credibility determination, its absence does not mandate acceptance of unrebutted testimony. Lindenbaum v. New York, N.H. & H.R.R., 197 Mass. 314, 323 (1908). In this case an experienced judge has presented us inexplicably with a statement inconsistent with the law. Read in conjunction with the factual findings about the witness as well as analyzed semantically, it is not susceptible of reasonable interpretation to the contrary. Presented with a motion which sought to amend the finding (albeit for other reasons) the finding remained intact notwithstanding the endorsement.
The essence of fact-finding facially appearing to have been compromised, the Court’s finding is vacated and the matter remanded for trial.